JOHN REVERE & another *vs.* CITY OF BOSTON.

Suffolk. March 10, 1876; March 6. — Nov. 10, 1877. SOULE, J., absent.

The St. of 1872, c. 321, relating to the collection of taxes upon bank shares, did not apply to shares belonging to the estates of deceased persons.

CONTRACT to recover back taxes, assessed upon certain shares of stock in national banks, and paid under protest. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on an agreed statement of facts, the material part of which was as follows:

On March 1, 1871, the plaintiffs, residents of Boston, were duly appointed executors of the will of Frederic W. Lincoln, who died on January 10, 1871, a resident of Canton in this Commonwealth, and who owned the shares of stock in question in seven national banks located in Boston. In May, 1872, the cashiers of five of these banks returned the residence of the deceased as Canton, and the other two cashiers returned it as Boston. Notice was duly given by the executors to the cashiers of the banks, except, in the case of one bank, that the residence was Canton. In 1872, the assessors of Boston, knowing that the testator died a resident of Canton, assessed upon the plaintiffs the taxes in question. In the same year the assessors of Canton assessed all the shares in Canton.

The case was argued in March 1876, and reargued in March 1877. So much only of the argument is reported as is material to the understanding of the question of law decided.

*H. G. Parker*, for the plaintiffs.

*J. P. Healy & H. W. Putnam*, for the defendant. By the St. of 1872, c. 321, § 1, the cashier of every national bank is re quired to furnish, on or before the tenth day of May in each year, to the assessors of the town where the bank is located, a list "showing the name of each shareholder, with his residence, and the number of shares belonging to him" on May 1. By § 2, the assessors are to transmit a copy of the list, with the estimated value of the shares, to the tax commissioner. By § 3, the tax commissioner is to transmit a copy of the statement to the assessors of each city or town "where any person named as

a shareholder" is stated to reside, or, in case of a corporation, to the assessors of the place where it is located. By § 4, the assessors of each city or town, " where any persons or corporations so named as a shareholder in any of such banks resides or is located," shall assess the shares, at the estimated value given in the statement. Section 6 is as follows :

" It shall be the duty of every shareholder in any of said banks, whether person or corporation, to give notice to the cashier of the bank in which such person or corporation owns shares, before the first day of May, in each year, a true statement of the place of residence of such person, or of location of such corporation, and keep such clerk so notified until the first day of May, in each year; and any such shareholder neglecting or refusing to give to the cashier of the banks in which such person or corporation owns shares, before the first day of May, in each year, a true statement of the city or town where such shareholder resides or is located, shall, for the purposes of taxation on said shares, be deemed to be an inhabitant of, or located in the city or town where such bank is located ; but such person or corporation shall not be exempt from the payment of a tax legally assessed upon said shares in the city or town where such person or corporation resides or is located."

The plaintiffs, as executors, were the legal shareholders, and, they being residents of Boston, the shares were properly taxed there. If the shares are to be assessed under the Gen. Sts. c. 11, § 12, cl. 7, to the executors " in the place where the deceased last dwelt," the spirit of the St. of 1872, c. 321, § 6, requires the notice, in order that the cashiers may know what the place of residence of the deceased was at the time of his death, so that they may make the return required by § 1.

LORD, J.   The decision of this case is not free from difficulty. It is quite apparent that the entire language of the St. of 1872, c. 321, § 6, is appropriate to living stockholders of banks, holding shares in their own right; and the question to be decided is, whether, in construing its language, we may make it properly applicable to stockholders holding shares in a representative capacity. It is to be borne in mind that, aside from this statute, shares of the stock held by proprietors in their own right are to be taxed in the towns in which such proprietors live, if

domiciled within the Commonwealth; while shares held by executors or administrators are to be taxed in the town of which the deceased was an inhabitant at the time of his death, and shares held by trustees in the towns in which the *cestuis que trust* respectively reside.

If, therefore, we construe the language of the statute as applying to all stock, however held, we are necessarily constrained to adopt one of two results : either to construe the law as entirely changing the general system of taxation, and making the shares of stock belonging to the estate of a deceased person taxable where the executor or administrator happens to live, while as to all other parts of the personal estate no change is made; making such stock assessable in several different places, if there happen to be several executors or administrators residing in different towns; and making shares held in trust taxable where the trustees reside, or in the same manner dividing it in case there are several trustees, having different residences, while no change is made as to the municipality in which other parts of the property thus held are to be taxed ; or we shall be compelled to give to the same word, used by the Legislature, two different significations, not in different portions of the same act, but by attaching to the same word in the same clause one meaning for one purpose and another meaning for another. For example, in § 6, which provides that " It shall be the duty of every shareholder in any of said banks, whether person or corporation, to give notice . . . . of the place of residence of such person, or of location of such corporation," the word shareholder, as to the duty of giving notice, means executor; but as to place of residence, it means testator. We cannot presume that such construction was intended. Nor can we construe the statute as intending to make a radical and fundamental change in the system of taxation of bank shares of a deceased person ; making such shares taxable where the executor or administrator happens to reside, while all the other property of such deceased person follows the general rule of taxation, and is taxable in the place where the deceased was last domiciled.

It is by no means certain that the Legislature did not suppose that there already existed sufficient means to insure the taxation of property in bank shares held in a representative capacity.

Executors and trustees are commonly appointed under the authority of the Probate Court; ordinarily, all the property which they hold is inventoried; and the Legislature might well have deemed the means of knowledge of the property of deceased persons sufficiently within the power of assessors; and certainly, if provision for notice in such case was omitted by the Legislature by design, it would be an unwarranted exercise of legislative power in the court to supply the omission by construction; and, if the omission were accidental, the remedy is to be afforded by the Legislature and not by the court.

Upon the whole matter, we feel much more safe to construe the language of the statute as to notice according to its natural import, and to hold that it does not apply to any bank shares except such as are held by some existing corporation, or are the property in his own right of some living person, capable of acting and of giving the notice required by the act. In this view of the statute, we neither enlarge nor limit the natural meaning of the language by construction; and if the Legislature shall deem any further provisions respecting the shares of bank stock belonging to deceased persons to be necessary, such provisions can be made in apt and unambiguous language.

It follows from this view, that the bank shares of the deceased were to be taxed in Canton, where all other of his personal property was taxable, and that the city of Boston, knowing the deceased to have been a resident of Canton at the time of his death, (though we do not deem this a material fact,) had no right to assess any of the shares as property taxable in Boston as the residence of the executor or testator, or as the locality of the bank.                    *Judgment for the plaintiffs.**

---

\* The St. of 1872, c. 321, was repealed by the St. of 1873, c. 315.